[708 NYS2d 631]

In the Matter of HOWARD RUKEYSER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 30, 2000

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Faith Lorenzo* of counsel), for Grievance Committee for the Ninth Judicial District.

*Howard Rukeyser,* Mt. Vernon, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Howard Rukeyser has submitted an affidavit dated February 7, 2000, in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9).

Mr. Rukeyser avers that his resignation is submitted voluntarily, free from coercion and duress, and with a full awareness of the implications of its submission.

Mr. Rukeyser acknowledges that he was served with a petition dated December 2, 1999 containing 28 charges of professional misconduct. The petition alleges, *inter alia,* that on numerous occasions he failed to account for or converted escrow funds, failed to promptly disburse escrow funds, and failed to maintain a duly-constituted escrow account. The petition also charged Mr. Rukeyser with neglecting legal matters entrusted to him. He acknowledges that he could not successfully defend himself on the merits against all of such charges. While testifying under oath at the Grievance Committee's offices, Mr. Rukeyser made admissions concerning, *inter alia,* his inability to account for various escrow account transactions.

Mr. Rukeyser acknowledges that the Court could, in an order permitting him to resign, require him to make monetary restitution to any person whose money or property was misappropriated or misapplied, or to reimburse the Lawyers' Fund for Client Protection for same. He is further aware that an order issued pursuant to Judiciary Law § 90 (6-a) can be entered as a civil judgment against him, and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports acceptance of Mr. Rukeyser's resignation as being in the best interest of the public.

Inasmuch as the proffered resignation complies with all applicable Court rules, it is accepted, the respondent is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and FLORIO, JJ., concur.

Ordered that the resignation of Howard Rukeyser is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Howard Rukeyser is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Howard Rukeyser shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Howard Rukeyser is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.